UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MOBILE HEALTH INNOVATIVE SOLUTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MONTBLANC NORTH AMERICA, LLC**<br><br>Defendant. | **CASE NO. 3:25-cv-3333**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Mobile Health Innovative Solutions, LLC ("Plaintiff" and/or "MHIS") files this complaint against Montblanc North America, LLC ("Defendant" and/or "Montblanc") for infringement of U.S. Patent No. 11,468,984 ("the '984 Patent") and alleges as follows:

**THE PARTIES**

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 645 Fifth Avenue, New York, NY 10022.

3. On information and belief, Montblanc may be served through its registered agent in the State of Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    1

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

6. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

7. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

8. Venue is proper in this district as to Defendant pursuant to at least 28 U.S.C. § 1400(b). Defendant maintains a regular and established business presence in this District. Specifically, Defendant has an office located at: 8687 N. Central Expressway, Suite 314, Dallas, Texas 75225. *See* Figure 1 below.



Figure 1

(https://stores.montblanc.com/storelocator/North%20America/United%20States%20of%20America/montblanc-dallas-north-park-center)

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                            2

# PATENT-IN-SUIT

9. On October 11, 2022, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '984 Patent, entitled "Device, Method and Application for Establishing a Current Load Level." The '984 Patent is attached as Exhibit A.

10. Plaintiff is the sole and exclusive owner, by assignment, of the '984 Patent.

11. Plaintiff possesses all rights of recovery under the '984 Patent, including the exclusive right to recover for past, present and future infringement.

12. The '984 Patent contains eighteen claims including two independent claims (claims 1 and 12) and sixteen dependent claims.

13. The priority date of the '984 Patent is at least as early as August 1, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

14. Plaintiff alleges infringement on the part of Defendant of the '984 Patent.

15. The '984 Patent teaches devices and methods for establishing a current load or stress level of a user. The devices and methods of the '984 Patent determine a current load or stress level of a user from biometric data obtained from at least one sensor on a mobile terminal. *See* '984 Patent, Abstract.

16. The '984 Patent was examined by Primary United States Patent Examiner Rex R. Holmes. During the examination of the '984 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: *G16H 40167* (2018.01); A61B 51165 (2013.01); A61B 514809 (2013.01); A61B 514812 (2013.01); A61B 514815 (2013.01); A61B 514884 (2013.01); A61B 517267 (2013.01); G06N 3/04 (2013.01); G06N 3/0454 (2013.01); G06N 3/084 (2013.01); G06N 3/088 (2013.01); Gl0L 25163

(2013.01); Gl0L 25166 (2013.01); G16B 40120 (2019.02); G16H 50/20 (2018.01); A61B 511124 (2013.01); A61B 5/486 (2013.01); A61B 5/4806 (2013.01); A61B 5/6898 (2013.01); A61B 5/7264 (2013.01); G06N 3/0445 (2013.01); and Gl6B 40/00 (2019.02).

17. After conducting a search for prior art during the examination of the '984 Patent, the United States Patent Examiner identified and cited 4 U.S. patents, 27 published U.S. patent applications, 4 international patent applications and 5 published articles.

18. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '984 Patent to issue. In so doing, it is presumed that Examiner Holmes used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Holmes had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '984 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '984 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Holmes.

19. The claims of the '984 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.,*

*Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

20. The nominal expiration date for the claims of the '984 Patent is no earlier than August 1, 2033.

## COUNT I
### (Infringement of United States Patent No. 11,468,984)

21. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 20, the same as if set forth herein.

22. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

23. Defendant has knowledge of its infringement of the '984 Patent, at least as of the service of the present complaint.

24. The '984 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

25. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 12, of the '984 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Montblanc Summit 3 smartwatch ("Exemplary Products) which calculates and displays a user's stress level and infringes at least Claim 12 of the '984 Patent. The Exemplary Products includes a Stress application that continuously monitors biometric data such as heart rate

26. and breathing rate to determine the stress score/levels. The stress level is then categorized as Low, Medium, or High, and is accompanied by an hourly stress graph and a weekly stress score represented on a 0–100 scale. Defendant has infringed and continues to infringe the '984 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 12, of the '984 Patent, by having its employees internally test and use these Exemplary Products.

27. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

28. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, Exemplary Products that infringe one or more claims, including at least Claim 12, of the '984 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its Exemplary Products in the customary and intended manner that infringes one or more claims, including at least Claim 12, of the '984 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

29. Since at least the filing of the original complaint in this matter, Defendant has also indirectly infringed and continues to indirectly infringe at least Claim 12, of the '984 Patent by inducing others to directly infringe at least Claim 12, of the '984 Patent. Defendant has induced and continues to induce its subsidiaries, partners, affiliates, customers, and end-users, including Defendant's customers and potential customers, to

directly infringe, either literally or under the doctrine of equivalents, at least Claim 12, of the '984 Patent by using the Exemplary Products. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Exemplary Products in a manner that infringes at least Claim 12, of the '984 Patent. Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to make or use the Exemplary Products in an infringing manner; advertising and promoting the use of the Exemplary Products in an infringing manner; or distributing instructions that guide users to use the Exemplary Products in an infringing manner. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement). Defendant is performing these steps, which constitute induced infringement, with the knowledge of the '984 Patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Exemplary Products by others would infringe the '984 Patent. Defendant's inducement is ongoing.

30. Since at least the filing of the original complaint in this matter, Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '984 Patent by personnel, contractors, customers, and other end users by encouraging them to use the Exemplary Products. The Exemplary Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe at least Claim 12, of the '984 Patent. The special features constitute a material part of the claimed invention of at least Claim 12 of the '984 Patent and are not staple articles of

commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

31. Exhibit B includes a chart comparing the exemplary Claim 12 of the '984 Patent to Defendant's Exemplary Products. As set forth in this chart, Defendant's Exemplary Products practice the technology claimed by the '984 Patent. Accordingly, Defendant's Exemplary Products incorporated in this chart satisfy all elements of exemplary Claim 12 of the '984 Patent.

32. To the extent that it is determined that one or more of the steps of exemplary Claim 12 are not performed by Defendant, but are rather performed by a customer, MHIS asserts that Defendant still directly infringes at least Claim 12 of the '984 Patent. The Federal Circuit has held that there are circumstances in which others' acts may be attributed to an accused infringer to support direct infringement liability for divided infringement. *See Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1381 (Fed. Cir. 2017).

33. Specifically, the Federal Circuit held that if a third party, hoping to obtain access to certain benefits, can only do so if it performs certain steps identified by the accused infringer, and does so under the terms prescribed by the accused infringer, then this can result in direct infringer liability for divide infringement. *Id.* at 1380. Defendant distributes product literature and website materials instructing customers and others as to how to use its Exemplary Products in the customary and intended manner that satisfies the elements of exemplary Claim 12. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct customers to use its products in an infringing manner). Customers must perform these steps in order to obtain the benefits of calculating a current load level of the customer.

34. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

35. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

36. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

37. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

38. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 11,468,984 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3. Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

4. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 4, 2025                                   Respectfully Submitted,

/s/ Benjamin Deming
Benjamin Deming
TX 24091778
**DNL ZITO**
3232 McKinney Ave, Suite 500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

Joseph J. Zito
**DNL ZITO**
1250 Connecticut Ave NW – Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

René A. Vazquez
*Pro Hac Vice* anticipated
**DNL ZITO**
1250 Connecticut Ave, NW
Suite 700
Washington, DC 20036
(703) 989-2244
rvazquez@dnlzito.com

**COUNSEL FOR PLAINTIFF**